# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY T. BLACKWELL, | ) |
| Movant, | ) |
| v. | ) No. 4:99-CV-1687 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This closed matter under 28 U.S.C. § 2255 is before the Court on federal prisoner Jeffrey T. Blackwell's "Motion for Relief from Order and Judgment Pursuant to Fed. R. Civ. P. 60" (Doc. 61), and "Motion for Leave to Supplement his Motion filed January 15, 2009" (Doc. 65). The government opposes the motions and they are fully briefed. For the following reasons, the Court will grant the motion for leave to supplement, and will dismiss the motion and the supplement for failure to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive habeas petition.

**Procedural Background**.

This is the third post-dismissal motion that movant has filed in this matter, and the second pursuant to Rule 60, Federal Rules of Civil Procedure. On December 12, 1997, movant pleaded guilty to selling and distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) and 924(a)(2). Movant was sentenced to 295 months imprisonment. United States v. Blackwell, 4:97-CR-116 GFG (E.D. Mo. Dec. 12, 1997). The United States Court of Appeals for the Eighth Circuit

affirmed the conviction and sentence.  United States v. Blackwell, No. 98-1031, 163 F.3d 603 (8th Cir. Oct. 8, 1998) (Table) (unpublished per curiam).

Movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 28, 1999, which this Court denied on the merits on March 28, 2003.  See Order and Judgment of Mar. 28, 2003 (Docs. 29, 30).  The Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal.  Blackwell v. United States, No. 01-2226 (8th Cir. Feb. 20, 2004).  The United States Supreme Court denied movant's petition for a writ of certiorari.  Blackwell v. United States, No. 04-5182 (Oct. 4, 2004).

Movant subsequently filed three other motions for relief under 28 U.S.C. § 2255, Black well v. United States, No. 4:05-CV-984 CDP (E.D. Mo. Aug. 23, 2005); Blackwell v. United States, 4:06-CV-1177 CDP (E.D. Mo. Sept. 19, 2006); and Blackwell v. United States of America, No. 4:07-CV-1864 CDP (E.D. Mo. Nov. 27, 2007), which this Court, Judge Perry presiding, construed as second or successive § 2255 motions and transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  The Eighth Circuit denied movant's applications for authorization to file successive habeas actions.  See Blackwell v. United States, No. 05-3491 (8th Cir. Nov. 25, 2005); Blackwell v. United States, No. 06-3441 (8th Cir. Feb. 27, 2007); and Blackwell v. United States, No. 07-3765 (8th Cir. Mar. 31, 2008).

On May 13, 2008, movant filed a "Motion Under Rule 15(c)(2) Relating Back to Petitioner's Original 2255 Motion" which the Court construed as a second or successive § 2255 motion and denied.  See Order of May 21, 2008 (Doc. 48).  The Court also denied movant's motion for reconsideration of the Order of May 21, 2008.  See Order of June 6, 2008 (Doc. 50).

On August 4, 2008, movant filed a motion pursuant to Rule 60(b)(6), Fed. R. Civ. P., concerning Ground Three of his original § 2255 motion. (Doc. 51). The Court denied the motion by Memorandum and Order dated August 20, 2008 (Doc. 52), concluding that (1) the motion was actually a second and successive habeas petition which movant had not obtained authorization to file, Mem. and Order of Aug. 20, 2008 at 7; and (2) even if the motion was not a second and successive habeas petition, it actually sought relief under Rule 60(b)(3) and was untimely. Id. The Eighth Circuit Court of Appeals summarily affirmed on November 25, 2008, Blackwell v. United States, No. 08-3282 (8th Cir. Nov. 25, 2008), and denied rehearing on January 21, 2009. Id. (8th Cir. Jan. 21, 2009).

Movant filed the instant motion under Federal Rules of Civil Procedure 60(b)(4) and (5) on January 22, 2009, and a motion for leave to supplement it with an Addendum adding claims under Federal Rules of Civil Procedure 60(d)(1) and (3) on February 26, 2009.

**Discussion**.

    A. *Review of 60(b) Motion in Closed Habeas Proceeding*

A federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for

3

failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. Boyd, 304 F.3d at 814. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) (per curiam), cert. denied, 545 U.S. 1135 (2005) (citing United States v. Patton, 309 F.3d 1093 (8th Cir. 2002) (per curiam), and Boyd, 304 F.3d at 814).

The Supreme Court has held that a state prisoner's Rule 60(b) motion challenging the denial of federal habeas corpus relief that merely alleges a defect in the integrity of the habeas proceedings and does not attack the merits of the decision to deny the petition or present new grounds for relief from the state conviction is not a second or successive habeas petition subject to the restrictions on such petitions set forth in the AEDPA. Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005) (Rule 60(b) motion challenging district court's previous ruling on AEDPA statute of limitations was not the equivalent of a successive habeas petition). The Eighth Circuit recently explained the Gonzalez decision in detail:

> Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with AEDPA. Gonzalez, 545 U.S. at 529; see also 28 U.S.C. § 2254; Fed. R. Civ. P. 81(a)(4). AEDPA imposes three requirements on second or successive habeas petitions:
>
>> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously

> raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).
>
> Gonzalez, 545 U.S. at 529-30. Rule 60(b) creates an exception to the finality of a district court's judgment in a habeas proceeding, so that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Id. at 533.
>
> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." Gonzalez, 545 U.S. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254 (a) and (d)." Id. at 532 n.4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n.4. This reasoning is illustrated in Gonzalez, in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition. Id. at 535-36.

Ward v. Norris, 577 F.3d 925, 932-33 (8th Cir. 2009).

The Supreme Court specifically limited its holding in Gonzalez to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, 545 U.S. at 529 n.3, even though the provisions of §§ 2254 and 2255 concerning second or successive motions are "similar." Id. Nonetheless, this Court finds that the principles articulated in Gonzalez are applicable in this case, based on the similarities between the applicable rules and statutes. Compare 28 U.S.C.

5

§ 2254; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. §§ 2244(b)(1)-(3) with Rule 12, Rules Governing Section 2255 Proceedings for the U.S. District Courts; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. § 2255, para. 8. See also United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (applying Gonzalez analysis to a second or successive motion under § 2255); United States v. Nelson, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (same).

B. *Movant's Bases for Rule 60(b) Relief*

1. Void Judgment -Rule 60(b)(4)

In the instant motion, movant asserts that the judgment is void under Rule 60(b)(4), because the Court never (1) addressed movant's claim of ineffective assistance of counsel based on his trial counsel's "miscomprehension and misrepresentation" of a plea offer by the government, as set forth in Ground 3 of the original § 2255 motion, and (2) failed to conduct an evidentiary hearing on that claim. Movant quotes Ground Three as asserting the following claims:

> Counsel's failure to maintain proper communication with Petitioner, including his failure to comprehend and explain the plea agreement to petitioner was ineffective assistance of counsel.
>
> Petitioner was misinformed by counsel that if he accepted the Government's plea he would have received no more than ten (10) years.

Mot. for Relief at 6. Movant also quotes his original § 2255 reply brief:

> In this case, counsel simply lied to his client when he informed petitioner that the government was willing to accept a guilty plea in exchange for a ten (10) year sentence.

Id. at 3 (quoting original Reply at 11-12).

> They also fail to speak on counsel's miscomprehension of the plea agreement and it's [sic] effect upon Petitioner's guilty plea.

Id. at 4 (quoting original Reply at 8).

6

Movant's assertion that the Court did not address the issues in Ground Three is incorrect. The Magistrate Judge addressed these issues in the Report and Recommendation of United States Magistrate Judge dated March 5, 2003 at 13-15 (Doc. 25), and following de novo review this Court adopted the Report and Recommendation in the Order dated March 28, 2003 (Doc. 29). Movant asserts that the Court did not address his specific assertion that counsel failed to comprehend the plea agreement in addition to failing to explain it to movant. This assertion is subsumed within the claim that counsel failed to explain the plea agreement to movant. The Court rejected the claim based on movant's sworn statements concerning the plea agreement at the plea hearing. See Report and Recommendation at 3 (Doc. 25).

Movant's attempt to characterize the instant motion as limited to challenging a defect in the integrity of the federal habeas proceedings is therefore unavailing. "Under Gonzalez, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing Gonzalez, 545 U.S. at 538). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Id. (citing Gonzalez, 545 U.S. at 532) (internal citation omitted).

Movant's Rule 60(b)(4) motion presents a claim, because it is in substance a challenge to the Court's previous resolution of the claim on the merits. See Gonzalez, 545 U.S. at 530, 532; Ward, 577 F.3d at 933. Because the Rule 60(b)(4) motion presents a claim, it must be treated as a second

or successive habeas petition under AEDPA. See Ward, 577 F.3d at 933. As a result, movant's Rule 60(b)(4) motion will be dismissed based on movant's failure to obtain prior authorization from the Eighth Circuit Court of Appeals. Movant's additional assertion that the judgment is void under Rule 60(b)(4) because the Court did not conduct an evidentiary hearing on Ground Three is also a second and successive petition, because it does not merely attack a "defect in the integrity of the federal habeas proceedings," Gonzalez, 545 U.S. at 532, but necessarily leads "inextricably to a merits-based attack on the disposition of a prior habeas petition," Spitznas, 464 F.3d at 1215-16. The Court therefore need not determine whether the denial of an evidentiary hearing is a mere procedural ruling for purposes of Rule 60(b) analysis.

2. Prospective Application No Longer Equitable - Rule 60(b)(5)

Movant also moves for relief under Rule 60(b)(5), asserting that it is no longer equitable for the Court's judgment denying his § 2255 motion to have prospective application. Movant asserts that at the time the judgment was entered, the Court (specifically the Magistrate Judge) was not aware that a conflict existed between movant and his attorney, Mr. Bradley Dede, concerning the true nature of the government's plea agreement, and movant's decision to accept it. Movant contends that had the Court known of this conflict, it would have been required to conduct an evidentiary hearing on Ground Three.

Movant makes the following argument:

What was not before the court when making the above decision, was the <u>significant fact</u> that a conflict outside the record existed between Petitioner and Petitioner's attorney Brad Dede, concerning the true nature surrounding the government's plea agreement, and Petitioner's decision to accept it.

At the time of Petitioner's original 2255 proceedings, [neither] the Court nor Petitioner were aware of the fact that Petitioner's attorney Mr. Dede supported the

8

government's position and not the Petitioner's allegations. This significant fact was not revealed by the government at the time of the original 2255 proceedings and was only revealed to Petitioner three (3) years 7 months after entry of the judgment denying Petitioner's original 2255 motion.

The significant fact was revealed to Petitioner in a letter (hereinafter Exhibit 1) sent from Assistant United States Attorney on October 25, 2006 that went as follows:

> "Although the court has denied your "Petitioner's Request for Government Discovery," the undersigned voluntarily offers the following: At the time I anticipated responding to your first 2255 petition, I expected to file an affidavit from Attorney Bradley Dede to support the government's position on your various allegations. After studying your claims more thoroughly, I determined that the government's position on each claim was supported by the evidence in the various documents and transcripts that were part of the record. I advised Mr. Dede that no affidavit from him was necessary and none was filed."

[Ex. 1 to Movant's Mot. for Relief from J.]

Had the court been aware of the existence of a conflict between Petitioner and Petitioner's attorney Mr. Dede in regards to the plea agreement, at the time of the original proceedings, the court would have been required to hold an evidentiary hearing to clear up the conflict.

Mot. at 9-10 (emphasis original).

This claim is second and successive for two reasons. First, the Court addressed the merits of the issue whether plaintiff understood the plea agreement in the original § 2255 motion in the Report and Recommendation and the Order of March 28, 2003. The Court later dismissed as second and successive the claims in movant's first Rule 60(b) motion (Doc. 51) based on the alleged conflict of interest of his counsel and the letter from Ms. Decker. See Mem. and Order of Aug. 20, 2008 (Doc. 52).

The Court construed the claims in movant's first Rule 60(b) motion concerning the alleged conflict of interest and the Decker letter as asserting fraud on the Court under Rule 60(b)(3), although movant had characterized them as arising under Rule 60(b)(6). Movant now attempts to reassert his claim concerning the alleged conflict of interest and the Decker letter under a different subsection of Rule 60(b), and limit its scope to the denial of an evidentiary hearing. Movant cannot avoid the statutory restriction on second and successive habeas motions by recharacterizing under a different subsection of Rule 60(b) a claim that this Court has already rejected as second and successive. Movant's motion under Rule 60(b)(5) is a second or successive habeas motion petition because it in substance reasserts a federal basis for relief from his underlying conviction and challenges the merits of the Court's disposition of his prior § 2255 motion.

Second, although movant asserts that the instant motion is a "true" Rule 60(b) motion because it only raises a procedural argument concerning the denial of an evidentiary hearing, the motion is inextricably intertwined with the Court's prior disposition of the underlying claim. Movant's challenge therefore leads inextricably to a merits-based attack on the disposition of his original § 2255 habeas motion. See Spitznas, 464 F.3d at 1215-16.

Movant's Rule 60(b)(5) motion should therefore be dismissed as a second and successive § 2255 motion based on movant's failure to obtain prior authorization from the Eighth Circuit Court of Appeals.

C. *Movant's Motion for Leave to Supplement his Rule 60(b) Motion with an Addendum Asserting Claims for Relief Under Rule 60(d)*.

Movant seeks leave of Court to file an Addendum in which he asserts that the Court has jurisdiction under Rules 60(d)(1) and (3) to review his claims of fraud upon the Court perpetrated

by the Assistant United States Attorney, based on his attorney's alleged conflict of interest and the Decker letter. The government responds and opposes the Rule 60(d) motion on its merits, asserting that there has been no fraud on the Court and that movant's allegations are entirely conclusory. The Court will grant leave for the Addendum to be filed and reviews it to determine if it is a second and successive collateral attack under § 2255. See Boyd, 314 F.3d at 814.

The text of Rule 60(d) provides:

**Other Powers to Grant Relief**. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Rule 60(d), Fed. R. Civ. P.

The Supreme Court has stated that "an independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). To prevent the restrictions of Rule 60 from "be[ing] set at naught," independent actions under Rule 60(d) must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)). "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980).

As a threshold matter, movant has not filed an independent action, but rather has filed a motion in the § 2255 matter. Movant therefore does not invoke Rule 60(d)(1) and is not entitled to

relief under it. See Bailey v. City of Ridgeland, Miss., 2008 WL 4793738, at *2 (S.D. Miss. Oct. 30, 2008). More importantly, numerous courts have held that a post-dismissal motion under Rule 60(d) is a second or successive claim for relief under § 2255, for which the movant must obtain permission from the court of appeals prior to filing in the district court. See Nugent v. United States, 255 F. App'x 526, 527 (D.C. Cir. 2007) (affirming district court's treatment of Rule 60(d) independent action as a second and successive application under § 2255, and dismissal of the same for failure to obtain certification from court of appeals); Heffington v. United States, 2009 WL 2043012, at *4 (E.D. Cal. July 13, 2009) (holding motion under Rule 60(d)(1) to reopen and reconsider the final judgment dismissing § 2255 motion was a second and successive claim for relief under § 2255; dismissing for lack of jurisdiction where movant did not obtain permission from court of appeals to raise the claim); United States v. Franklin, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008) (treating motions filed under Rule 60(d)(3) as second and successive habeas motions under § 2255, which required authorization from court of appeals); see also Dorsey v. Florida, 2008 WL 5110416, at **1-2 (M.D. Fla. Dec. 3, 2008) (construing independent action under Rules 60(d)(1) and (3) as a second and successive petition under 28 U.S.C. § 2254).

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." Lambros, 404 F.3d at 1036 (cited cases omitted). This restriction is not limited to motions under 60(b), but rather includes any motion that asserts a federal basis for relief from the judgment of conviction or attacks the federal court's previous resolution of the claim on the merits. See, e.g., Patton, 309 F.3d at 1094 (motion under Rule 12(b)(2), Federal Rules of Criminal Procedure); United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam) (writ of coram

nobis); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (28 U.S.C. § 2241 motion); Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir.) (42 U.S.C. § 1983 claim), cert. denied, 522 U.S. 1010 (1997); Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir.) (motion to recall mandate), cert. denied, 519 U.S. 1073 (1997); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996) (Rule 60(b) motion), cert. denied, 521 U.S. 1123 (1997).

The Court finds that movant's motion under Rules 60(d)(1) and (3) is a second and successive motion under § 2255 because it asserts a federal basis for relief from the judgment of conviction and attacks the Court's previous resolution of the claim on the merits. As a result, movant must first obtain permission from the Eighth Circuit Court of Appeals before the motion may be filed.[1]

**Conclusion**.

For the foregoing reasons, the Court finds that movant Jeffrey Blackwell's motion for relief under Rules 60(b)(4) and (5) is a second or successive § 2255 motion. The Court further finds that Blackwell's motion under Rules 60(d)(1) and (3) is a second and successive § 2255 motion. Because movant did not obtain prior authorization from the Eighth Circuit Court of Appeals to file the second and successive motions, the motions should be dismissed. See Boyd, 304 F.3d at 814.

---

[1] In addition, the Court notes that movant's Rule 60(d) motion may be barred by principles of res judicata because he previously asserted a Rule 60(b) motion on the same grounds which was denied. See Locklin v. Switzer Bros., Inc., 335 F.2d 331, 334-35 (7th Cir. 1964) (holding that denial of Rule 60(b) relief bars a subsequent independent action for relief based on the same grounds), cert. denied, 379 U.S. 962 (1965); Brown v. Bureau of Reclamation, 2008 WL 4239006, at *2 (D. Idaho Sept. 11, 2008) (same); Morgan Consultants v. American Tel. and Tel. Co., 546 F. Supp. 844, 847 n.4 (S.D.N.Y. 1982) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Jeffrey T. Blackwell's motion for relief under Rules 60(b)(4) and (5) is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals. [Doc. 61]

**IT IS FURTHER ORDERED** that movant's Motion For Leave to Supplement his Motion Filed January 15, 2009 is **GRANTED**. [Doc. 65]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket as of this date the Addendum which was attached to the motion for leave, as a Supplemental Motion Under Rule 60(d).

**IT IS FURTHER ORDERED** that movant's Supplemental Motion Under Rule 60(d), filed on this date, is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that movant's Motion to Expedite is **DENIED as moot**. [Doc. 72]

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of October, 2009.