# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY TODD BLACKWELL, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:99-CV-1687 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter under 28 U.S.C. § 2255 is before the Court on movant Jeffrey Todd Blackwell's motion for reconsideration of the Memorandum and Order of October 14, 2009, which dismissed Blackwell's motion for relief under Rules 60(b)(4) and (5), and Rule 60(d), Federal Rules of Civil Procedure, for failure to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255.

The federal rules do not provide for a "motion to reconsider." Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). Where a motion to reconsider is made in response to a final order, as here, it should be construed as a motion under Rule 59(e). See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Blackwell's motion involves the reconsideration of matters that were encompassed within the merits of the Court's decision. Any motion questioning the correctness of a judgment is functionally a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., regardless of how the motion is styled. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Sanders v. Clemco Industries, 862 F.2d 161, 168 n.13 (8th Cir. 1988). As such, Blackwell's motion is properly construed as a motion under Rule 59(e).

A court can consider the merits of a motion under Rule 59(e) only if it is timely. A motion to alter or amend judgment under Rule 59(e) must be made within ten (10) days from entry by the Clerk of the Court of the challenged ruling, Auto Services Co., Inc. v. KPMG, LLP, 537 F.3d 853, 856 (8th Cir. 2008), and the time for filing such a motion may not be enlarged by the district court. Fox v. Brewer, 620 F.2d 177, 179 (8th Cir. 1980); Fed. R. Civ. P. 59(e), 6(b)(2). The ten-day time period begins to run the day after entry of the relevant ruling, see Fed. R. Civ. P. 6(a), and weekend days and holidays are excluded from the period. Parkus v. Delo, 985 F.2d 425, 426 (8th Cir. 1993).[1]

The record shows that the Memorandum and Order of October 14, 2009 was entered on the docket by the Clerk on October 14, 2009. The time period began to run the next day, October 15, 2009, and when weekend days and holidays are excluded from the period, the ten day period ended on October 29, 2009. Blackwell's motion for reconsideration was signed, dated and placed into the prison legal mailbox on October 30, 2009, and is therefore untimely. Where a motion under Rule 59(e) is untimely the Court lacks jurisdiction to consider it. See Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988). The Court therefore lacks jurisdiction to address Blackwell's motion under Rule 59(e).

The Court also considers whether Blackwell's motion should be addressed under Rule 60(b), Fed. R. Civ. P. The Eighth Circuit does "not favor recasting postjudgment motions as Rule 60 motions to extend the time for appeal." McGarvin v. United States, 12 F.3d 1102 (8th Cir. 1993) (Table) (unpublished per curiam) (citing Wilson v. Runyon, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam), cert. denied, 508 U.S. 975 (1993)). Before a court may treat a post-trial motion filed more

---

[1] The additional three days for mailing provided in Rule 6(d), Fed. R. Civ. P., are inapplicable to a Rule 59(e) motion. Arnold v. Wood, 238 F.3d 992, 995 n.2 (8th Cir. 2001).

than ten days after a final judgment as a Rule 60(b) motion, it must first determine that the motion on its face alleges grounds for relief available under Rule 60. Wilson, 981 F.2d at 989.

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984). The Court finds that Blackwell's motion for reconsideration does not on its face allege grounds for relief available under Rule 60(b), and therefore the Court does not address it as a Rule 60(b) motion.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for reconsideration of the Memorandum and Order of October 14, 2009 is **DENIED** for lack of jurisdiction. [Doc. 76]

**IT IS FURTHER ORDERED** that Blackwell's request that the Court transfer this matter to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 is **DENIED**.

                        **CHARLES A. SHAW**
                        **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of November, 2009.