# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JEFFREY T. BLACKWELL,      )
                    )
        Movant,      )
                    )
     v.             )      No. 4:99-CV-1687 CAS
                    )
UNITED STATES OF AMERICA,   )
                    )
        Respondent.     )

## MEMORANDUM AND ORDER

This closed matter under 28 U.S.C. § 2255 is before the Court on federal prisoner Jeffrey T. Blackwell's "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)" (Doc. 86), "Other Powers to Grant Relief from Judgment [Pursuant] to Federal Rule of Civil Procedure 60(d)(3)" (Doc. 87), and "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)" (Doc. 88).

These motions are, respectively, the sixth, seventh and eighth post-dismissal motions movant has filed in this matter. Movant contends that none of these motions are barred as second or successive because they seek to correct defects in movant's original § 2255 federal habeas proceeding. Movant has also filed a motion to expedite. The government was ordered to respond to movant's motions, but it responded to only one of movant's three motions.

For the following reasons, the Court will deny movant's first Rule 60(b)(4) motion with respect to his claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), and will dismiss the remainder of movant's first Rule 60(b)(4) motion, the second Rule 60(b)(4) motion, and the Rule 60(d)(3) motion for lack of jurisdiction, as second or successive habeas petitions for which movant

failed to obtain authorization from the Eighth Circuit Court of Appeals. The motion to expedite will be denied as moot.

## I. Procedural Background

On December 12, 1997, movant pleaded guilty to selling and distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) and 924(a)(2). Movant was sentenced to 295 months imprisonment by the late Honorable George F. Gunn. United States v. Blackwell, 4:97-CR-116 GFG (E.D. Mo. Dec. 12, 1997). The United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. United States v. Blackwell, No. 98-1031, 163 F.3d 603, 1998 WL 703304 (8th Cir. Oct. 8, 1998) (Table) (unpublished per curiam).

Movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 28, 1999, in which he asserted five grounds of ineffective assistance of counsel. Movant filed a motion for leave to amend his § 2255 motion on June 21, 2001, which was granted. The Magistrate Judge to whom this case was referred issued a Report and Recommendation that recommended the motion be denied in all respects. Movant filed objections to the Report and Recommendation, which this Court overruled. The Court adopted the Report and Recommendation following de novo review. See Order and Judgment of Mar. 28, 2003 (Docs. 29, 30). The Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal. Blackwell v. United States, No. 01-2226 (8th Cir. Feb. 20, 2004). The United States Supreme Court denied movant's petition for a writ of certiorari. Blackwell v. United States, No. 04-5182 (Oct. 4, 2004).

Movant subsequently filed three other motions for relief under 28 U.S.C. § 2255, Blackwell v. United States, No. 4:05-CV-984 CDP (E.D. Mo. Aug. 23, 2005); Blackwell v. United States,

4:06-CV-1177 CDP (E.D. Mo. Sept. 19, 2006); and <u>Blackwell v. United States of America</u>, No. 4:07-CV-1864 CDP (E.D. Mo. Nov. 27, 2007), which this Court, Judge Perry presiding, construed as second or successive § 2255 motions and transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. The Eighth Circuit denied movant's applications for authorization to file successive habeas actions. <u>See</u> <u>Blackwell v. United States</u>, No. 05-3491 (8th Cir. Nov. 25, 2005); <u>Blackwell v. United States</u>, No. 06-3441 (8th Cir. Feb. 27, 2007); and <u>Blackwell v. United States</u>, No. 07-3765 (8th Cir. Mar. 31, 2008).

On May 13, 2008, movant filed a "Motion Under Rule 15(c)(2) Relating Back to Petitioner's Original 2255 Motion" which the Court construed as a second or successive § 2255 motion and denied. <u>See</u> Order of May 21, 2008 (Doc. 48). The Court also denied movant's motion for reconsideration of the Order of May 21, 2008. <u>See</u> Order of June 6, 2008 (Doc. 50).

On August 4, 2008, movant filed a motion pursuant to Rule 60(b)(6), Fed. R. Civ. P., concerning Ground Three of his original § 2255 motion. The Court denied the motion by Memorandum and Order dated August 20, 2008 (Doc. 52), concluding that (1) the motion was actually a second or successive habeas petition which movant had not obtained authorization to file, Mem. and Order of Aug. 20, 2008 at 7; and (2) even if the motion was not a second or successive habeas petition, it actually sought relief under Rule 60(b)(3) and was untimely. <u>Id.</u> The Eighth Circuit Court of Appeals summarily affirmed on November 25, 2008, <u>Blackwell v. United States</u>, No. 08-3282 (8th Cir. Nov. 25, 2008), and denied rehearing on January 21, 2009. <u>Id.</u> (8th Cir. Jan. 21, 2009).

On January 22, 2009, movant filed a motion under Federal Rules of Civil Procedure 60(b)(4) and (5), and a motion for leave to supplement it with an Addendum adding claims under Federal Rules of Civil Procedure 60(d)(1) and (3) on February 26, 2009. The Court granted leave to

supplement and denied the motions by Memorandum and Order of October 14, 2009 (Doc. 73), concluding that both the motion for relief under Rules 60(b)(4) and (5), and the motion for relief under Rules 60(d)(1) and (3), were second or successive § 2255 motions for which movant did not obtain prior authorization from the Eighth Circuit Court of Appeals. Movant filed a motion for reconsideration, which the Court denied by Memorandum and Order of November 3, 2009 (Doc. 77). Movant appealed, and the Eighth Circuit Court of Appeals summarily affirmed. Blackwell v. United States, No. 10-1873 (8th Cir. June 28, 2010). Movant subsequently filed the instant three motions.

## II. Discussion

A. *Standard for Review of 60(b) Motion in Closed Habeas Proceeding*

A federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. Boyd, 304 F.3d at 814. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." United States v.

Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) (citing United States v. Patton, 309 F.3d

1093 (8th Cir. 2002) (per curiam), and Boyd, 304 F.3d at 814).

The Supreme Court has held that a state prisoner's Rule 60(b) motion challenging the denial

of federal habeas corpus relief that merely alleges a defect in the integrity of the habeas proceedings

and does not attack the merits of the decision to deny the petition or present new grounds for relief

from the state conviction is not a second or successive habeas petition subject to the restrictions on

such petitions set forth in the AEDPA. Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005) (Rule

60(b) motion challenging district court's previous ruling on AEDPA statute of limitations was not

the equivalent of a successive habeas petition). The Eighth Circuit has explained the Gonzalez

decision in detail:

> Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief
> from final judgment and to request the reopening of his case in certain
> circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not
> inconsistent with AEDPA. Gonzalez, 545 U.S. at 529; see also 28 U.S.C. § 2254;
> Fed. R. Civ. P. 81(a)(4). AEDPA imposes three requirements on second or
> successive habeas petitions:
>
>> First, any claim that has already been adjudicated in a previous
>> petition must be dismissed. § 2244(b)(1). Second, any claim that has
>> not already been adjudicated must be dismissed unless it relies on
>> either a new and retroactive rule of constitutional law or new facts
>> showing a high probability of actual innocence. § 2244(b)(2). Third,
>> before the district court may accept a successive petition for filing,
>> the court of appeals must determine that it presents a claim not
>> previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or
>> actual-innocence provisions. § 2244(b)(3).
>
> Gonzalez, 545 U.S. at 529-30. Rule 60(b) creates an exception to the finality of a
> district court's judgment in a habeas proceeding, so that "[i]f neither the motion itself
> nor the federal judgment from which it seeks relief substantively addresses federal
> grounds for setting aside the movant's state conviction, allowing the motion to
> proceed as denominated creates no inconsistency with the habeas statute or rules."
> Id. at 533.

A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." Gonzalez, 545 U.S. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254 (a) and (d)." Id. at 532 n.4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n.4. This reasoning is illustrated in Gonzalez, in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition. Id. at 535-36.

Ward v. Norris, 577 F.3d 925, 932-33 (8th Cir. 2009).

The Supreme Court limited its holding in Gonzalez to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, 545 U.S. at 529 n.3, even though the provisions of §§ 2254 and 2255 concerning second or successive motions are "similar." Id. The Eighth Circuit has applied the Gonzalez analysis to second or successive motions under § 2255, however. See Ward, 577 F.3d at 933; United States v. Washington, 211 F. App'x 550, 550 (8th Cir. 2007) (unpublished per curiam); United States v. Moss, 174 F. App'x 358, 358 (8th Cir. 2006) (unpublished per curiam).

B. *Movant's Grounds for Rule 60(b)(4) Relief*

The Court will address each claim in the two Rule 60(b)(4) motions filed by movant.

1. *Document 86*

In the motion under Rule 60(b)(4) filed as Document 86, movant asserts that the judgment in this matter is void and he seeks to reopen the original § 2255 motion on the grounds that the Court (1) failed to address issues raised in movant's motion for leave to amend his original § 2255, although leave to amend was granted; and (2) failed to address an issue contained in the original § 2255 motion, i.e., whether counsel was ineffective for advising movant that the government would forego the use of his prior convictions for any sentencing enhancement purposes in exchange for movant's guilty plea. In this motion, movant also seeks to reopen his first Rule 60(b)(6) motion on the basis that the Court's ruling denying the motion as untimely in the Memorandum and Order of August 20, 2008 (Doc. 52), which concluded that the motion actually asserted a claim of fraud under Rule 60(b)(3), was erroneous.

a. *Failure to Address Apprendi Argument*

Movant argues that although he was granted leave to amend his § 2255 motion to assert a claim under Apprendi v. New Jersey, 530 U.S. 466, the Magistrate Judge failed to address that argument and this Court adopted the Magistrate Judge's Report and Recommendation in its entirety but did not mention movant's argument contained in his Objections to the Report and Recommendation concerning the Magistrate Judge's failure to address the Apprendi argument.

A suit brought to rectify a district court's failure to address a claim set forth in a habeas petition "present[s] a 'true' Rule 60(b) claim" rather than a second or successive § 2255 motion. Peach v. United States, 468 F.3d 1269, 1271 (10th Cir. 2006) (per curiam) (citing Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006) (similar holding in § 2254 matter)); see also Schwamborn v. United States, 507 F.Supp.2d 229, 240 (E.D.N.Y. 2007) (Rule 60(b) motion in § 2255 matter did not run afoul of the AEDPA to the extent it simply sought reconsideration of the court's order on

the ground that the court failed to address one of the movant's arguments). As a result, this aspect of movant's motion is properly treated as a Rule 60(b) motion and the Court will address it.

As a threshold matter, petitioner raised the issue of the Court's failure to address the Apprendi argument in his "Leave to File an Application to Obtain Certificate of Appealability and Supportive Memorandum" (Doc. 36), which was before the Eighth Circuit Court of Appeals as part of the record of this case on appeal. The Eighth Circuit denied movant a certificate of appealability, see Blackwell v. United States, No. 03-3796 (8th Cir. Feb. 2, 2004), and issued its Mandate on April 9, 2004, and the Supreme Court denied movant's petition for writ of certiorari. Blackwell v. United States, No. 04-5182 (Oct. 4, 2004). Rule 60(b) cannot be used to ignore or reverse the mandate of an appellate court, but the mandate does not prevent the district court from entertaining the merits of such a motion. Jones v. United States, 255 F.3d 507, 511 (8th Cir. 2001). "All issues decided by an appellate court become the law of the case. This rule extends not only to actual holdings but also to all issues implicitly settled in prior rulings." Id. at 510. The Eighth Circuit implicitly rejected movant's argument when it denied the certificate of appealability, and therefore Rule 60(b) relief may not be available here.[1]

Assuming, without deciding, that movant's Apprendi argument is not barred by the law of the case doctrine and was raised within a reasonable time, the next question is whether the Court's failure to address the Apprendi argument renders its judgment void within the meaning of Rule 60(b)(4). "Rule 60(b)(4) provides that a court may relieve a party from a final judgment if it is void. Fed. R. Civ. P. 60(b)(4)." Baldwin v. Credit Based Asset Servicing and Securitization, 516 F.3d

---

[1]There is also an issue whether movant raised this argument within a reasonable time under Rule 60(c)(1). As stated above, Document 86 is movant's sixth post-judgment motion and was filed on May 18, 2012. The judgment in this case was issued March 28, 2003 (Doc. 29).

734, 737 (8th Cir. 2008). "A judgment is void if the rendering court lacked jurisdiction or acted in

a manner inconsistent with due process." Id. (quoting Kessler v. Crichton, 221 F.3d 1342, 1342 (8th

Cir. 2000) (unpublished per curiam)).

The Court concludes that its failure to address movant's Apprendi argument does not render

its judgment void. Movant has failed to demonstrate that the Court lacked subject matter jurisdiction

or in personam jurisdiction. Further, movant cannot demonstrate that the Court acted inconsistently

with due process with respect to its prior decision denying his § 2255 motion because Apprendi

offers him no relief.

Apprendi holds that, "Other than the fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In his "Motion for Leave to Amend

the Petition Under 28 U.S.C. § 2255" filed on June 21, 2011, movant argued that Apprendi applied

to his case and was "virtually identical" to Ground V of his original petition. Movant asserted that

his claim under Apprendi

> "relates back" to issue V of his original § 2255 petition. Issue V was an ineffective
> assistance of counsel claim for the failure to properly challenge the drug quantities.
> In summary, Petitioner argued that his trial counsel had independent tests performed
> on the crack cocaine and the result of this test was a drug weight of 47.5964 grams.
> Because counsel had this information he was ineffective for not challenging the
> amount alleged in the indictment. Furthermore, he was ineffective for stipulating to
> the 50 grams of crack. Although this was an ineffective [assistance] claim, it
> nonetheless, is the same argument that Petitioner makes under Apprendi.
>
> . . . . As stated above, the Apprendi claim and the ineffective [assistance] claim are
> virtually identical and relate to the same conduct (50 grams of crack cocaine). The
> amendment goes further to argue that drug amounts are elements of the offense,
> under Apprendi, and that Petitioner is actually innocent of this element.

Mot. for Leave to Amend at 3-4 (Doc. 17).

Movant's assertion that he could raise an <u>Apprendi</u> claim in his § 2255 motion is foreclosed by circuit precedent that was decided prior to the date movant filed the motion for leave to amend his § 2255 to add an <u>Apprendi</u> claim. On June 11, 2011, the Eighth Circuit held that <u>Apprendi</u> was not of watershed magnitude and could not be applied retroactively on collateral review.[2] <u>United States v. Moss</u>, 252 F.3d 993, 997 (8th Cir. 2001). The Eighth Circuit has also held that section 2255 forecloses <u>Apprendi</u> claims in a second or successive § 2255 motion because the Supreme Court has not made <u>Apprendi</u> retroactive to cases on collateral review. <u>Rodgers v. United States</u>, 229 F.3d 704, 705 (8th Cir. 2000) (per curiam). As a result, the Court did not act inconsistently with due process when it failed to address movant's <u>Apprendi</u> claim, and movant is not entitled to relief pursuant to Rule 60(b)(4).

Movant also asserts that the Court's judgment on the original § 2255 motion failed to address the following issues contained in movant's Motion for Leave to Amend, filed June 17, 2001:

(2)      Whether Petitioner's counsel was ineffective for not challenging the amount of drugs alleged in the indictment, see Motion to Amend at Pg. 4.

(3)      Whether Petitioner's counsel was ineffective for having Petitioner stipulate to the 50 grams of crack, see Motion to Amend at Pg. 4.

(4)      Petitioner's Rule 11 violation issue, see Motion to amend at Pages 7 and 8, as well as Petitioner's Reply Brief at pages 13 and 14.

(5)      Petitioner's Actual Innocence issue raised through out [*sic*] Petitioner's Motion to Amend, as well as Petitioner's Reply Brief at page 13.

Mot. for Relief under Rule 60(b)(4) at 4 (Doc. 86).

Movant's assertions are incorrect. The motion for leave to amend was based solely on <u>Apprendi</u> and, as stated above, movant cannot obtain any relief under <u>Apprendi</u> on a collateral attack

---

[2]A watershed rule implicates both the accuracy and fundamental fairness of criminal proceedings. <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

or on a second or successive § 2255. Further, as quoted above, movant argued in the motion for leave that his <u>Apprendi</u> argument was "virtually identical" to his ineffective assistance of counsel claims in Ground V of the original § 2255 motion based on trial counsel's failure to challenge the amount of drugs in the indictment and the stipulation to the 50 grams of crack. The ineffective assistance of counsel claims listed as (2) and (3) above were addressed in the Report and Recommendation which this Court adopted. As a result, this aspect of movant's Rule 60(b) motion raises a "claim" as that term is defined by <u>Gonzalez</u>, as movant is challenging this Court's previous resolution of a claim on the merits. Therefore, this aspect of movant's Rule 60(b) motion is a second or successive habeas corpus application and must be dismissed.

As to points (4) and (5), the motion for leave to amend does not mention Rule 11 or articulate a Rule 11 violation. Movant argued in the motion for leave to amend that under <u>Apprendi</u>, he did not understand an element of the plea – i.e., the 50 gram drug quantity – and that his plea therefore involuntary. As part of his <u>Apprendi</u> argument in the motion for leave, movant argued that he was actually innocent because there were only 47.5964 grams of cocaine base, not 50 grams. Movant's arguments concerning the drug quantity were addressed in detail in the Report and Recommendation and rejected, and the Magistrate Judge's recommendation was adopted by this Court. As a result, these points in movant's Rule 60(b) motion raise a "claim" as that term is defined by <u>Gonzalez</u>, because movant challenges this Court's previous resolution of claims on the merits. Therefore, this aspect of movant's Rule 60(b) motion is a second or successive habeas corpus application and must be dismissed.

### b. *Failure to Address Ineffective Assistance of Counsel Claim*

Movant also asserts that the Court failed to address a ground from his original § 2255 motion, that counsel was ineffective for advising movant that the government would forego the use

of movant's prior convictions for any sentencing enhancement purpose, in exchange for movant's guilty plea.  This concerns Ground III of the original motion.  Contrary to movant's assertion in the Rule 60(b)(4) motion, Ground III was addressed in the Report and Recommendation at pages 14-15 and adopted by this Court.  As a result, this point in movant's Rule 60(b) motion raises a "claim" as that term is defined by <u>Gonzalez</u>, because movant challenges this Court's previous resolution of his claims on the merits.  Therefore, this aspect of movant's Rule 60(b) motion is a second or successive habeas corpus application and must be dismissed.

### c. *Request to Reopen Movant's First Rule 60(b) Motion*

Finally, movant seeks to reopen his first Rule 60(b)(6) motion, filed on August 1, 2008 and denied by this Court on August 20, 2008, on the basis that the Order denying the motion is void because the Court acted in a manner inconsistent with due process.  Setting aside the significant procedural question whether it is possible to "reopen" a Rule 60(b) motion by means of a Rule 60(b)(4) motion, this aspect of movant's motion is entirely without merit.

The Court in denying movant's first Rule 60(b)(6) motion stated as follows:

> It is clear from the foregoing discussion of the nature of movant's Rule 60(b) motion that its basis is the alleged fraud and misconduct perpetrated on the Court by the prosecutor.  The substance of the motion is grounded in Rule 60(b)(3), which provides that a court may relieve a party from a final judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Rule 60(b)(3), Fed. R. Civ. P.  Claims under Rule 60(b)(3) are subject to a one-year limit after entry of the judgment at issue.  Rule 60(c)(1), Fed. R. Civ. P.  The instant motion was filed more than five years after the judgment.

> Subsection (b)(3) and subsection (b)(6) of Rule 60(b) are mutually exclusive.  <u>See</u> <u>Middleton v. McDonald</u>, 388 F.3d 614, 616-17 (8th Cir. 2004).  A motion for relief under Rule 60(b)(6) cannot be premised on a ground for relief enumerated in subsection (b)(3) or any other subsection of the Rule.  <u>Liljeberg</u>, 486 U.S. at 863 & n.11; <u>Klapprott v. United States</u>, 335 U.S. 601, 613 (1949).  "Subsection (6) is not a permissible means by which to avoid the time limitation otherwise applicable to a claim of fraud, misrepresentation or misconduct by the adverse party."  <u>Middleton</u>, 388 F.3d at 616; <u>see</u> <u>also</u> <u>United States v. Dakota Cheese, Inc.</u>, 923 F.2d 576, 577

(8th Cir. 1991) (affirming denial of Rule 60(b)(6) motion where motion was in effect a Rule 60(b)(2) motion and outside the one-year limitations period).

> The Court believes that the instant motion is most likely second or successive. The fact that movant references allegedly newly discovered evidence, i.e., Ms. Decker's letter, indicates that the instant motion should be treated as successive. See Gonzalez, 545 U.S. at 531, Sanders v. Norris, 529 F.3d 787, 789 (8th Cir. 2008). Further, the motion seeks ultimately to resurrect the denial of movant's earlier § 2255 motion by reasserting a prior claim, which also indicates that it is second or successive. See Tyler v. Purkett, 413 F.3d 696, 700-01 (8th Cir. 2005).

> Nonetheless, to the extent movant's motion may be considered to assert a defect in the integrity of the § 2255 proceedings as contemplated by Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005), as opposed to being a second and successive § 2255 motion, it is untimely under Rule 60(c)(1) and should be denied on that basis.

Mem. and Order of Aug. 20, 2008 at 6-7. Thus, the Court's ruling was that (1) the Rule 60(b) motion was a second or successive § 2255 motion for which movant had not obtained permission from the Eighth Circuit Court of Appeals to pursue, and (2) even if the motion was not second or successive, it was time barred. Movant appeal this Order, and the Eighth Circuit summarily affirmed.

Movant now contends that the Order of August 20, 2008 denying his Rule 60(b)(6) motion as untimely is void under Rule 60(b)(4) because the Court acted in a manner inconsistent with due process of law. Movant ignores the Court's ruling that his prior motion was a second or successive habeas petition and attacks only the additional holding that it would be time barred if it was not second or successive.

Movant's argument is that Court on its own motion should have construed movant's Rule 60(b)(6) motion as one brought pursuant to Rule 60(d)(3), which does not have a time limitation, because "Petitioner states that his first Rule 60(b) motion was grounded under Rule 60(d)(3) which have [sic] no time limitation." Mot. for Relief at 9 (Doc. 86). In support, movant cites Williams v.

Dormire, 2010 WL 3270111 (E.D. Mo. Aug. 17, 2010), and argues that this Court's decision in Williams is inconsistent with its Order of August 20, 2008 in this case. Movant asserts that this Court construed his Rule 60(b)(6) claim to be "the exact type of fraud upon the court, as cited in this habeas Court's opinion in Williams . . . which was governed by Rule 60(d)(3) and it's [*sic*] savings clause . . . ." Mot. for Relief at 8.

Movant's argument fails. In Williams, the Court did not construe a Rule 60(b) motion filed by the state prisoner petitioner as an independent action under Rule 60(d)(3). Williams, unlike the instant Rule 60(b)(4) motion, was an "independent action for relief from judgment under Rule 60(d)(3) of the Federal Rules of Civil Procedure." Id., 2009 WL 3270111, at *1. The fact that the Court discussed the law relevant to Rule 60(d)(3) – after first discussing the similar provision of Rule 60(b)(3) – in a case brought under Rule 60(d)(3) does not somehow render the Court's decision in Williams "inconsistent" with its decision in the Order of August 20, 2008. Further, in Williams, this Court found that the petitioner's claims did not "allege a fraud upon the Court that would entitle him to relief in an action in equity under Rule 60(d)(3)," id. at *3, so movant's assertion that his first Rule 60(b)(6) motion asserted the same type of claim as in Williams does not aid him.

Finally, in Williams the Court held that the petitioner could not "evade the AEDPA's limitation on filing successive habeas corpus actions by titling this action as one falling under Rule 60(d)(3)":

> Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). Petitioner is attempting to raise a new ground for relief in this action. Thus, petitioner's claim is subject to the restrictions on filing successive habeas petitions, and petitioner must receive permission from the United States Court of Appeals for the Eighth Circuit before he may bring such a claim in this Court. 28 U.S.C. § 2244(b)(3).

14

<u>Williams</u>, 2010 WL 3270111, at *3. Thus, even if it would have been correct for the Court to construe movant's Rule 60(b)(6) motion as an independent action under Rule 60(d)(3) -– which it would not have been – the motion would still have been properly dismissed as a second or successive § 2255 motion, as was the motion in <u>Williams</u>.

For these reasons, the Court did not act inconsistently with due process when it denied movant's first Rule 60(b)(6) motion for lack of jurisdiction as a second or successive § 2255 motion on August 20, 2008, and movant is not entitled to relief pursuant to Rule 60(b)(4).

### 2. *Document 88*

In the second motion filed under Rule 60(b)(4), Document 88, movant asserts that the judgment in this matter is void because the Court failed to apply the two-pronged standard of review from <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), to Ground III in movant's original § 2255 motion.[3]

The Magistrate Judge's Report and Recommendation, which this Court adopted after <u>de novo</u> review, discusses the legal standards applicable to ineffective assistance of counsel claims at length, including citation to <u>Strickland</u> and <u>Hill</u>, prior to addressing movant's five grounds of ineffective assistance of counsel. <u>See</u> Report and Recommendation at 11-13 (Doc. 25). Movant concedes that the Magistrate Judge applied <u>Strickland</u> and <u>Hill</u> to the other four grounds. <u>See</u> Mot. for Relief at 7 (Doc. 88). The fact that the Report and Recommendation did not specifically cite to <u>Strickland</u>

---

[3]Although movant's second Rule 60(b)(4) motion cites to and discusses <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), movant states very clearly that he does not assert a claim under <u>Lafler</u>. <u>See</u> Reply at 3 ("Petitioner is not seeking relief from judgment pursuant to the relatively recent Supreme Court decision in <u>Lafler</u>,"), and at 4 ("Petitioner only utilized <u>Lafler</u> for that simple case law fact that the court's failure to utilize <u>Strickland</u> and <u>Hill</u> in the context of a guilty plea ineffective assistance of counsel claim was contrary to clearly established federal habeas law."). As a result, the Court does not discuss <u>Lafler</u>.

or <u>Hill</u> during the discussion of Ground III does not mean that the Magistrate Judge did not apply the correct legal standard to movant's claim.

Disagreeing with the way a court ruled on a § 2255 motion is not the same as raising a procedural irregularity in the resolution of the motion itself. It is clear that this Rule 60(b)(4) motion presents "claims," because it does not merely attack a "defect in the integrity of the federal habeas proceedings." See <u>Gonzalez</u>, 545 U.S. at 532. This motion urges this Court to reconsider matters addressed in the denial of movant's original § 2255 motion and necessarily leads "inextricably to a merits-based attack on the disposition of a prior habeas petition." <u>Spitznas v. Boone</u>, 464 F.3d 1213, 1215-16 (10th Cir. 2006); <u>see Gonzalez</u>, 545 U.S. at 530, 532; <u>Ward</u>, 577 F.3d at 933. Because this Rule 60(b)(4) motion present claims, it must be treated as a second or successive habeas petition under the AEDPA. <u>See Ward</u>, 577 F.3d at 933. As a result, the Court lacks jurisdiction to address movant's second Rule 60(b)(4) motion, and it will be dismissed for movant's failure to obtain prior authorization from the Eighth Circuit Court of Appeals.

C.  *Movant's Motion for Relief from Judgment under Rule 60(d)(3)*[4]

In this motion, movant seeks to reopen Ground IV of his original § 2255 motion to vacate under Rule 60(d)(3),[5] on the basis that the Magistrate Judge committed fraud upon the Court in the Report and Recommendation when he "stated blatant fraudulent facts that this habeas Court adopted as true," specifically that movant's motion to withdraw his guilty plea filed December 8, 1997 was denied by the trial judge, and that the denial of the motion to withdraw the guilty plea was reviewed

_____

[4]As previously stated, this motion is titled, "Other Powers to Grant Relief From Judgment Pursunat [*sic*] to Federal Rule of Civil Procedure 60(d)(3)."

[5]Ground IV was titled: "Counsel's Failure to Properly Communicate With Petitioner Causing Delay In Filing Petitioner's Motion to Withdraw Petitioner's Guilty Plea Constitute's [*sic*] Ineffective Assistance of Counsel." Mot. to Vacate at 5 (Doc. 1).

by the Eighth Circuit Court of Appeals. <u>See</u> Rule 60(d)(3) Motion at 4-5 (citing Report and Recommendation at 15-16). Movant asserts that the there is no support in the sentencing transcript for the Magistrate Judge's factual finding that the motion to withdraw his plea was denied, that movant's counsel argued it, or that the sentencing court addressed it; and that "there cannot exist, any facts to support the Mag. Judge's findings that the Eighth Circuit Court of Appeals reviewed the sentencing court's denial of said motion to withdraw." <u>Id.</u> at 5.[6]

The text of Rule 60(d) states:

**(d) Other Powers to Grant Relief**. This rule does not limit a court's power to:

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

> (3) set aside a judgment for fraud on the court.

Rule 60(d), Fed. R. Civ. P.

The Supreme Court has stated that "an independent action should be available only to prevent a grave miscarriage of justice." <u>United States v. Beggerly</u>, 524 U.S. 38, 47 (1998). To

---

[6]The transcript of the sentencing proceedings held in the underlying criminal case, <u>United States v. Blackwell</u>, No. 4:97-CR-116 GFG (E.D. Mo.), reflects movant's motion to withdraw his plea and Judge Gunn's denial of that motion. Sent. Tr. at 29, ll. 10-18 (Doc. 58 in No. 4:97-CR-116). The Report and Recommendation discusses the sentencing proceedings in detail, with citation to the transcript. <u>See</u> Report and Recommendation at 5-9. Judge Gunn then proceeded to sentence movant. Sent. Tr. at 73.

The Court also notes that in denying movant's direct criminal appeal, the Eighth Circuit stated, "We reject counsel's argument that the district court abused its discretion in refusing to allow Blackwell to withdraw his guilty plea because Blackwell misunderstood the prison sentences he faced. When the district court properly informs a defendant of the maximum statutory penalties, as it did here, counsel's mistaken estimation of a defendant's sentence is not a fair and just reason to withdraw a guilty plea and does not render the plea involuntary." <u>United States v. Blackwell</u>, 163 F.3d 603, 1998 WL 703304, at *1 (8th Cir. 1998) (unpublished per curiam).

prevent the restrictions of Rule 60 from "be[ing] set at naught," independent actions under Rule 60(d) must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)). "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980).

As a threshold matter, movant has not filed an independent action, but rather has filed a motion in the § 2255 matter. Movant therefore does not invoke Rule 60(d)(3) and is not entitled to relief under it. See Mem. and Order of Oct. 14, 2009 at 11-12 (citing Bailey v. City of Ridgeland, Miss., 2008 WL 4793738, at *2 (S.D. Miss. Oct. 30, 2008)); Best v. United States, 2010 WL 3782160, at *2 (N.D. Ind. Sept. 22, 2010).

More importantly, even if movant had filed an independent action, "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." Lambros, 404 F.3d at 1036 (cited cases omitted). This restriction is not limited to motions under 60(b), but rather includes any motion that asserts a federal basis for relief from the judgment of conviction or attacks the federal court's previous resolution of the claim on the merits. See, e.g., Patton, 309 F.3d at 1094 (motion under Rule 12(b)(2), Federal Rules of Criminal Procedure); United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam) (writ of coram nobis); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (28 U.S.C. § 2241 motion); Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997) (42 U.S.C. § 1983 claim); Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir. 1997) (motion to recall mandate).

Numerous decisions, including this Court's <u>Williams</u> decision, hold that a post-dismissal motion under Rule 60(d) is a second or successive claim for relief under § 2255, for which the movant must obtain permission from the court of appeals prior to filing in the district court. <u>See</u> <u>United States v. Cone</u>, 525 F. App'x 823, 825 (10th Cir. 2013) (affirming district court's treatment of Rule 60(d)(3) motion as a second or successive habeas application under § 2255, and dismissal of the same for failure to obtain authorization from court of appeals); <u>Nugent v. United States</u>, 255 F. App'x 526, 527 (D.C. Cir. 2007) (per curiam) (affirming district court's treatment of Rule 60(d) independent action as a second or successive application under § 2255, and dismissal of the same for failure to obtain authorization from court of appeals); <u>Gutierrez v. United States</u>, 2013 WL 3380313, at **2-3 (D. Minn. July 8, 2013) (dismissing Rule 60(d)(3) motion as a second or successive habeas petition filed without leave from the Eighth Circuit); <u>Maye v. United States</u>, 2010 WL 4279405, at **1-2 (M.D. Fla. Oct. 25, 2010) (dismissing for lack of jurisdiction an independent action under Rule 60(d)(1) to reopen § 2255 motion to vacate, as a second or successive claim for relief under § 2255); <u>Best</u>, 2010 WL 3782160, at *2 (dismissing motion under Rule 60(d)(1) for lack of jurisdiction; construing motion as a second or successive claim for relief under § 2255); <u>United States v. Head</u>, 2010 WL 2545857, at *1 (D. Minn. June 21, 2010) (treating motions under both Rule 60(b)(3) and 60(d)(3) as successive habeas motions requiring prior approval from court of appeals); <u>Williams</u>, 2009 WL 3334895, at *7 (holding independent Rule 60(d)(3) action was second or successive habeas claim for relief under § 2255, dismissing for failure to obtain authorization from Eighth Circuit); <u>Heffington v. United States</u>, 2009 WL 2043012, at *4 (E.D. Cal. July 13, 2009) (holding motion under Rule 60(d)(1) to reopen and reconsider the final judgment dismissing § 2255 motion was a second or successive claim for relief under § 2255; dismissing for lack of jurisdiction where movant did not obtain permission from court of appeals to raise the claim); <u>United States v.</u>

Franklin, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008) (treating motions filed under Rule 60(d)(3) as second or successive habeas motions under § 2255, which required authorization from court of appeals).

The Court finds that movant's motion under Rule 60(d)(3) is a second or successive motion under § 2255 because it asserts a federal basis for relief from the judgment of conviction and attacks the Court's previous resolution of the claim on the merits. As a result, this Court lacks jurisdiction to address it, and movant must first obtain permission from the Eighth Circuit Court of Appeals before the motion may be filed.

## III. Conclusion

For the foregoing reasons, the Court finds that movant Jeffrey Blackwell's "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)" (Doc. 86) should be denied with respect to his Apprendi argument, and dismissed as second or successive in all other respects. The Court further finds that movant's "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)" (Doc. 88), and "Other Powers to Grant Relief from Judgment [Pursuant] to Federal Rule of Civil Procedure 60(d)(3)" (Doc. 87), are second or successive § 2255 motions. Because movant did not obtain prior authorization from the Eighth Circuit Court of Appeals to file these second or successive motions, this Court must dismiss them for lack of jurisdiction. See Boyd, 304 F.3d at 814.

The Court has expended an extraordinary amount of judicial resources addressing movant's eight post-dismissal motions in this action. While movant repeatedly argues in each post-Gonzalez motion that he does not challenge any aspect of his conviction or sentence and only challenges procedural rulings such that these are true Rule 60 motions, the discussion above (except as to the Apprendi issue) and in prior orders reveals that movant in fact does in fact raise claims that

challenge his conviction and sentence. Movant must, therefore, follow the Court's repeated direction that he obtain prior permission from a panel of the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2255(h), prior to filing any new § 2255 motions, any further Rule 60(b) motions in this matter, or any independent action under Rule 60(d). It is apparent that movant "does not understand the limitations on § 2255 post-conviction relief, the standards for deciding claims of ineffective assistance of counsel, and the principle that issues of law and fact, once finally decided, may not be revisited." Winters v. United States, 716 F.3d 1098, 1102-03 (8th Cir. 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Jeffrey T. Blackwell's "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)" is **DENIED in part** and **DISMISSED in part** for lack of jurisdiction; the motion is **DENIED** to the extent it concerns movant's claim under Apprendi, and **DISMISSED** for lack of jurisdiction as a second or successive habeas motion in all other respects. [Doc. 86]

**IT IS FURTHER ORDERED** that movant Blackwell's "Other Powers to Grant Relief from Judgment [Pursuant] to Federal Rule of Civil Procedure 60(d)(3)" and "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4)" are **DISMISSED** for lack of jurisdiction as a second or successive habeas motions. [Docs. 87, 88]

**IT IS FURTHER ORDERED** that movant Blackwell's Motion to Expedite is **DENIED as moot**. [Doc. 97]

_Charles A. Shaw_
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of January, 2014.